■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY HALE, JR., Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 10, 1979, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. Defendant, the driver of an automobile, was stopped by the police for having nonoperative tail lights and asked to produce his license, registration and insurance identification card. Having located and produced his license and registration, defendant then asked a passenger who had alighted from the automobile to return to the car to retrieve the insurance card from the glove compartment. As the passenger complied with defendant's request, a police officer who had accompanied him to the car shined his flashlight inside and observed that the glove compartment contained a holstered gun. Defendant and the other occupants of the car were immediately arrested and charged with criminal possession of the weapon. Defendant now argues that his motion to suppress should have been granted because the gun came into plain view during the course of an unlawful detention. He asserts that the police had no right, where there had been no accident, to require production of an insurance identification card after defendant had already produced a valid license and registration. We disagree. A New York motorist is required to carry an insurance identification card whenever operating a motor

vehicle and to produce it upon request of any police officer (see Vehicle and Traffic Law,§ 319, subd 3; 15 NYCRR 32.12), and this duty is not negated by the production of a valid license and registration. The purpose of this requirement is to insure that the highways of the State are utilized by insured vehicles. Since the defendant's car was lawfully stopped, the intrusion with the flashlight into the car and the seizure of the gun under the plain view doctrine were both justified (cf. *People v Singleton*, 41 NY2d 402; *People v Cruz*, 34 NY2d 362; *People v Miller*, 52 AD2d 425). Hopkins, J. P., Lazer, Gibbons and Gulotta, JJ., concur.