■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SEARS, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Couzens, J.), rendered February 1, 1980, convicting him of criminal possession of a controlled substance in the second degree (Penal Law, § 220.18, subd 1) and criminal possession of a controlled substance in the third degree (Penal Law, § 220.16, subd.1), upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The trial court's charge to the jury was improper and mandates a new trial. The charges against appellant arose, in part, out of his alleged possession of cocaine in an automobile. The People requested the trial court to charge as to the presumption contained in subdivision 1 of section 220.25 of the Penal Law, which provides, *inter alia:* "The presence of a controlled substance in an automobile * * * is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such controlled substance was found". In instructing the jury as to this presumption, the court stated, in pertinent part: "The presence of a controlled substance in an automobile is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such drug was found. This is a presumption of fact which you are free to use, accept or reject. The presumption is overcome only when the Defendant produces substantial evidence to the contrary." This

charge had the effect of shifting the burden of proof to appellant. Even if no proof is offered to the contrary, the presumption may still be rejected by the jury (see *People v Leyva,* 38 NY2d 160, 171; cf. *People v Lemmons,* 40 NY2d 505, 510; *People v Jones,* 57 AD2d 595). While the court, in response to a question by the jury, added to its original charge, in pertinent part, that "this permissible inference may be rebutted by any evidence in the case," said instruction did not clarify that appellant had no burden to come forward with any evidence in order for the jury to reject the presumption. Accordingly, a new trial is warranted. Appellant's other contentions are without merit. Mollen, P. J., Lazer, O'Connor and Bracken, JJ., concur.