■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BROWN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County (Nastasi, J.), rendered December 20, 1984, convicting him of criminal possession of marihuana in the first degree and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of defendant's omnibus motion which was to suppress physical evidence.

Judgment affirmed, and matter remitted to the Supreme Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

On September 1, 1983, at approximately 12:45 A.M., State Troopers Martin and Nevins, while proceeding southbound on the New York State Thruway, observed a white Cadillac sedan among six cars in the Ardsley service area, which is open to

the public. Martin testified that this particular service area had the highest crime rate on the New York State Thruway and that an average of 100 arrests per year, mostly for drug-related offenses, were made at that location.

About 25 minutes later, upon their return trip in a north-bound direction, the troopers entered the service area in question and noticed that the only vehicle remaining from the original group of six vehicles was the white Cadillac, which was still in the same location. Martin exited the patrol vehicle, approached the Cadillac and observed the defendant seated in the driver's seat next to a woman who was located in the front passenger seat. In response to Martin's inquiry as to how he was doing, defendant responded, "What is the problem?" Martin advised defendant that he was checking the service area. Defendant informed Martin that he had been there only "a few minutes", and he produced his license, registration and insurance card in response to Martin's request. Martin noted that the insurance card bore an expired date, and he requested that defendant step out of the vehicle. Defendant complied, although he was acting "very nervous and appeared to be profusely sweating". At this time Martin issued a uniform traffic ticket for lack of insurance.

Defendant informed Martin that he had been "partying in the city", that he had stopped in the service area to use the bathroom, and that he had previously received a ticket for the insurance violation, which ticket had been issued at 8:15 P.M. on August 31 in the Town of Saugerties, located approximately 100 miles north of the service area. After expressing some disbelief as to defendant's account, Martin asked him to "step back away from the female subject" so that he could converse with him in private. At this point defendant yelled, "What the fuck is your problem; you can't do shit". Martin then arrested defendant for disorderly conduct.

Upon looking inside the vehicle with a flashlight, the trooper observed what appeared to be a small quantity of marihuana. A search of the vehicle was subsequently undertaken, which included a search of a locked suitcase found in the trunk of the vehicle. The search of the suitcase yielded 25 to 30 pounds of marihuana in a large plastic garbage bag and approximately two grams of cocaine.

Trooper Martin was justified in initially approaching the white Cadillac sedan for the purpose of making reasonable inquiry (see, People v Harrison, 57 NY2d 470, 481; People v De Bour, 40 NY2d 210, 223), and in requesting that defendant produce his license, registration and insurance card (see, Vehi-

cle and Traffic Law § 312 [1] [b]; § 319 [3]; § 401 [4]). When it was ascertained that defendant's insurance card had expired, Martin had the right to request that defendant exit the vehicle pursuant to an investigation involving a possible traffic violation (see, Pennsylvania v Mimms, 434 US 106; People v Paone, 103 AD2d 1012, 1013). Once defendant became publicly abusive and used obscenities against Martin, which conduct was apparently noticed by other persons who had entered the service area, Martin reasonably could have believed that defendant's behavior under the circumstances constituted a public disturbance (see, People v Early, 85 AD2d 752; CPL 140.10 [1], [2]), and the subsequent arrest for disorderly conduct was therefore proper (Penal Law § 240.20 [3]). Defendant's lawful arrest justified a search of the Cadillac as incidental thereto (see, People v Troiano, 35 NY2d 476, 478; People v Lowe, 91 AD2d 1100, 1101).

The subsequent search of the suitcase found in the trunk of the vehicle was likewise proper because "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search" (United States v Ross, 456 US 798, 825; People v Ellis, 62 NY2d 393, 398; People v Jackson, supra). In any event, the mere observation of the inside of the automobile, even with the use of a flashlight, did not constitute an illegal search and seizure (see, People v Class, 63 NY2d 491, 494-495, cert granted — US —, 105 S Ct 1863; People v Cruz, 34 NY2d 362, 370, rearg granted and opn amended 35 NY2d 708; People v Hale, 75 AD2d 606, 607). Once the trooper observed what he believed to be marihuana, which was in plain view, the police had the right to conduct a thorough search of the vehicle for additional contraband and the fruits, instrumentalities, or evidence of the crime in question (see, People v Clark, 45 NY2d 432, 438; People v Jackson, 111 AD2d 412).

We have examined defendant's remaining contention and find it to be without merit. Gibbons, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.