(October 23, 1986)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS STITH and CARDELL NEWTON, Appellants.—Casey, J.

On October 5, 1982 two New York State Troopers, Jeffrey Clifford and Carlos Figueroa, stopped a truck which defendant Cardell Newton was driving and in which defendant Otis Stith was a passenger for speeding on the New York State Thruway. When requested, Newton produced a Connecticut driver's license but was unable to produce the truck's registration. Thereupon the license number of Newton and the truck's license plate were called into police headquarters, and both defendants were ordered out of the truck. Clifford began looking inside the vehicle for the registration. When Clifford saw a duffle bag containing a trucker's logbook, he removed the logbook in search of the registration and found a pistol in the bag. Both defendants were charged with illegal possession of the handgun, given their *Miranda* warnings and taken to police headquarters.

After their arrest the computer check established that Newton's license was suspended. Later, at the State Police barracks, it was discovered that the truck had been stolen that same day in Brooklyn. At trial each defendant claimed that the gun was not his and that he had been asked by the other to help drive the truck. Following their convictions, each defendant was sentenced to 1½ to 5 years' imprisonment on each count, with the sentences to run concurrently.

On this appeal, defendants argue principally that the trial court erred in refusing to suppress the gun as the product of an illegal search and seizure. Although the trial court found the search unconstitutional, it refused to suppress the gun, reasoning that under State Police procedure defendants' failure to produce the truck's registration required the detention of the truck until its ownership could be established, and

during this time the computer check revealed the truck to have been stolen. The trial court then concluded, and we agree, that the gun should not be suppressed, for its discovery was inevitable in the circumstances. It appears that the trial court *sua sponte* interjected the inevitable discovery theory at the conclusion of the People's suppression hearing proof for the first time. Defendants argue that this issue was not properly raised by the People and cannot be argued here. We do not view the procedure adopted as substantial error. Since the defense was made aware of the theory at the close of the People's proof at the suppression hearing, defendants cannot claim surprise, and it was incumbent upon them to attempt to counteract the issue when it arose. There is no showing that defendants requested or were denied the opportunity to do so.

It has been uniformly held that a defendant has no standing to contest the search of a stolen car in which he was the driver or passenger *(People v Mercado,* 114 AD2d 377, 379; *People v Cacioppo,* 104 AD2d 559). Defendants' failure to produce the truck's registration was presumptive evidence of operation of an unregistered vehicle (Vehicle and Traffic Law former § 401 [4]),* so detention until the registration could be checked is constitutional. The doctrine of inevitable discovery may be employed if it is shown that there was a very high degree of probability that the evidence in question would have been obtained independent of the tainted source *(People v Knapp,* 52 NY2d 689). Here, the detaining of the vehicle pending the registration check was not only constitutional, it was shown to be normal State Police procedure. Coupling this detention of the truck with the ultimate disclosure that the truck was stolen triggers the inevitable discovery rule applied by the trial court. Significantly, at the suppression hearing neither defendant claimed ownership of the duffle bag and at trial each defendant claimed that the gun was not his.

We have examined the other errors urged by defendants, including the trial court's questioning of defendants at trial and the court's failure to charge pursuant to defendants' request that the presumption that a gun is possessed by anyone in a stolen vehicle disappears completely in the face of substantial evidence to the contrary, and find no error. In respect to defendants' request to charge, it was improper as

---

* Vehicle and Traffic Law § 401 (4) has since been amended (L 1986, ch 132) as of June 2, 1986. The presumption is no longer applicable if a vehicle has a validating sticker indicating the plate number, vehicle identification number and expiration date of the registration.

requested and, if given, may have impermissibly shifted the burden of proof *(see, People v Sears,* 86 AD2d 879). Accordingly, the judgments are in all respects affirmed.

Judgments affirmed. Kane, J. P., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.