■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY SANDERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Di Tucci, J.), rendered February 9, 1984, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Dufficy, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence seized by the police.

Ordered that the judgment is affirmed.

At approximately 10:30 P.M. on January 3, 1983, undercover narcotics Police Officer Richard Johnson, while riding in an unmarked car with his partner on Atlantic Avenue in Queens, observed the defendant, driving a white Cadillac, stopped at a traffic light. Johnson observed the defendant hold a piece of paper or envelope to his nose, tilt his head back, and snort what Johnson believed to be a substance. The defendant then "floored" the Cadillac and proceeded down Atlantic Avenue at rapid speed, voluntarily coming to a stop approximately 30 blocks later at a phone booth. Based upon these facts, Officer Johnson, who had followed the defendant's vehicle, was justified in initially approaching the defendant as he stood at the phone booth for the purpose of making reasonable inquiry (see, People v Harrison, 57 NY2d 470; People v Brown, 116 AD2d 727), and in requesting that he produce his license and vehicle registration (see, People v Brown, supra; Vehicle and Traffic Law § 401 [4]). Moreover, once Officer Johnson observed a glassine envelope he believed to contain heroin in plain view on the front seat of the defendant's vehicle, he had the right to conduct a thorough search of the vehicle for additional contraband and the fruits, instrumentalities, or evidence of the crime in question (see, People v Clark, 45 NY2d 432; People v D'Ambrosi, 137 AD2d 703; People v Vereb, 122 AD2d 897).

The defendant's claim that he was denied his constitutional

right to due process of law because of the delay in perfecting the instant appeal by two prior assigned counsel is without merit. While New York has acknowledged such a due process right with reference to the appellate process (see, People v Cousart, 58 NY2d 62; People v Hill, 141 AD2d 843), on the record before us summary reversal is not warranted. The defendant's first assigned counsel moved to be relieved as counsel, and the second was relieved sua sponte for his failure to prosecute this appeal expeditiously. The defendant's present counsel was assigned on March 11, 1988, and perfected this appeal with reasonable diligence. It does not appear that the defendant opposed the substitutions of his first two attorneys, nor did he ever indicate his dissatisfaction with his representation or seek to expedite his appeal prior to the assignment of present appellate counsel (see, People v Hill, supra). Thompson, J. P., Lawrence, Rubin and Eiber, JJ., concur.