■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT PIZZO, Appellant.—Judgment reversed on the law, motion to suppress granted and new trial granted. Memorandum: The suppression court erred by denying defendant's suppression motion because the observations of the police officers did not justify their initial approach of defendant's vehicle. At the suppression hearing, the arresting officer testified that at about 2:00 A.M., while he was on routine patrol, he observed a vehicle in the parking lot of a shopping mall in the Town of Victor. There were two occupants in the car and the dome light was on. Although the mall closed at 10:00 P.M., a bar and restaurant in the mall remained open until at least 1:00 A.M., and there were a few other vehicles still parked in front of the bar. One of the occupants of the car got out on the passenger side and walked over to use a nearby public pay telephone. At this point, the officer approached defendant driver and asked for identification. The officer admitted that neither man was acting suspiciously prior to the approach. He stated that there was a high rate of burglaries in the Town of Victor.

Because the defendant's vehicle was already stopped, the officer needed an articulable reason to make a reasonable inquiry *(see, People v Harrison,* 57 NY2d 470, 475; *People v*

*De Bour,* 40 NY2d 210; *People v Blajeski,* 125 AD2d 582, *lv denied* 69 NY2d 877). In our view, the police did not articulate a reason sufficient to justify making even a brief inquiry. Defendant was sitting in his vehicle while his passenger made a telephone call at a pay phone. Although it was 2:00 A.M., a nearby bar had recently closed and there were other cars in the area. The officer observed no possible violations involving defendant's vehicle, nor were the police in the process of investigating a specific crime. Therefore, the officer's approach was based upon nothing more than "whim, caprice or idle curiosity" *(People v De Bour, supra,* at 217), and cannot be justified because the Town of Victor had a high burglary rate.

Assuming, arguendo, that the police had the right to make reasonable inquiry of the defendant, in this case, the scope of the ultimate intrusion far exceeded the "minimal" intrusion allowed for inquiry purposes. The police did not merely request information from defendant; they confiscated defendant's birth certificate, registration, and insurance cards, thereby making it imposssible for defendant to leave, and kept him sitting in his vehicle for at least 10 minutes while they ran license and warrant checks. In our view, even if we conclude that the police action was "justified in its inception", it was not "reasonably related in scope to the circumstances which rendered its initiation permissible" *(People v De Bour, supra,* at 215; *see also, People v Harrison, supra,* at 476).

All concur, except Boomer and Balio, JJ., who dissent and vote to affirm, in the following memorandum.

Boomer and Balio, JJ. (dissenting). We respectfully dissent. The trial court did not err by refusing to suppress physical evidence taken from defendant's vehicle following an inventory search. The police were justified in approaching defendant's vehicle for the purpose of seeking information *(People v Brown,* 116 AD2d 727). When defendant, who was sitting in the driver's seat, failed to produce a driver's license, further detention was warranted while police checked to determine whether he was a licensed operator *(People v Brown, supra; see also, People v Stith,* 124 AD2d 342, *mod on other grounds* 69 NY2d 313). The subsequent stop of the vehicle on the public highway was justified because police then reasonably believed that defendant was operating the vehicle without a license *(People v Ingle,* 36 NY2d 413; *People v McLaurin,* 120 AD2d 270, *affd* 70 NY2d 779). Shining the flashlight into the interior of the vehicle was not an unreasonable intrusion *(People v Cruz,* 34 NY2d 362, 370, *rearg granted and opn amended* 35 NY2d 708; *People v Allah,* 131 AD2d 765, *lv denied* 70 NY2d

797). The search of defendant was incidental to his arrest, and defendant consented to a search of the trunk of his vehicle. The inventory search of the entire vehicle, conducted after the arrest of defendant and another occupant of the vehicle, was proper and was not a pretext for an investigatory search. (Appeal from judgment of Ontario County Court, Henry, J.—burglary, second degree, and other charges.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.