■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THELMA McFADDEN, Appellant.—Judgment of the Supreme Court, New York County (Rose Rubin, J.), rendered January 3, 1986, convicting her of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree and criminal use of drug paraphernalia in the second degree, and sentencing her to concurrent terms of 3 years to life, 1 to 3 years, and 90 days, respectively, unanimously modified, on the law, to the extent of vacating the conviction as to the count of possession in the third degree and, except as so modified, affirmed.

Defendant was arrested together with one James Upshaw when police, having gained entry to her apartment on a ruse,

observed 12 clear plastic vials containing white crystals in her bedroom. When she went to a closet to change out of her bathrobe, an officer opened it to make certain no weapons were inside. Upon opening the door, he saw an open wooden box holding clear plastic bags, some of which contained plastic vials and some a white powder, later identified as cocaine. The box also held a triple beam scale, gram scale, inhaler, razor blades, a strainer, jewelry and $4,284.

At trial, the court instructed the jury regarding the statutory presumption that drugs in open view in a room are in the knowing possession of persons in close proximity thereto (Penal Law § 220.25 [2]). The court stated that the presumption "may be rebutted by the defendant by substantial evidence to the contrary, meaning that she must come forward with such credible evidence." During deliberations, the jury requested a rereading of the court's "instructions pertaining to the second count." The court thereupon stated:

"This presumption refers to the twelve vials found on the saucer on the table near the bed. This statutory presumption may be rebutted by the defendant by substantial evidence to the contrary, meaning that she must come forward with credible evidence.

"It is for you, the jury, to determine whether the defendant has overcome the presumption. The fact that you may draw this inference does not shift to the defendant any burden of proof whatsoever. The burden of proof beyond a reasonable doubt remains on the prosecution throughout the entire case. You have already heard and are to consider all the evidence adduced with respect to this count of the indictment."

The court's charge failed to convey "the requisite permissiveness with respect to use of a presumption" *(People v Leyva,* 38 NY2d 160, 171). Generally, a presumption under Penal Law § 220.25 "will remain in the case for the jury to weigh even if contrary proof is offered but may be nullified if the contrary evidence is strong enough to make the presumption incredible. So too, if no contrary proof is offered, the presumption is not conclusive, but may be rejected by the jury" *(People v Lemmons,* 40 NY2d 505, 510). By instructing the jury that defendant was required to come forward with substantial evidence to rebut the presumption, the trial court impermissibly shifted the burden of proof upon the element of knowing possession, thereby violating due process *(Lopez v Curry,* 583 F2d 1188 [2d Cir 1978]; *People v Sears,* 86 AD2d 879). However, since it is clear that the jury understood that the

presumption was limited to the drugs in open view, upon which the count of possession in the third degree was predicated, it is only necessary to reverse the conviction on the second count.

Defendant's other contentions have been examined and found to be without merit. Concur—Asch, J. P., Kassal, Rosenberger, Wallach and Rubin, JJ.