■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD LEFROIS, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Same memorandum as in *People v LeFrois* ([appeal No. 2] 155 AD2d 949 [decided herewith]). (Appeal from judgment of Ontario County Court, Reed, J.— burglary, third degree; petit larceny.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD LEFROIS, Appellant. (Appeal No. 2.)—Judgment

unanimously reversed on the law, motion to suppress granted, and new trial granted. Memorandum: Defendant was charged with the commission of eight separate criminal transactions in three indictments. He pleaded guilty to every count of the indictments except the count charging criminal possession of stolen property in the third degree. On a prior appeal from the judgments of conviction, we vacated the sentence imposed on the criminal possession charge that was dismissed and otherwise affirmed the judgments *(People v LeFrois,* 138 AD2d 943, *lv denied* 72 NY2d 920). We then granted defendant's application for a writ of error coram nobis because significant issues were not raised by counsel on the first appeal. We vacated our prior orders and directed that this appeal be considered de novo *(see, People v LeFrois,* 151 AD2d 1046).

With respect to indictment 9-84-141, defendant and his codefendant Scott Pizzo moved to suppress evidence seized from a vehicle upon the grounds that there was no probable cause for the search and that a subsequent inventory search was invalid. The suppression court denied the motions. On the appeal by codefendant Pizzo, we reversed, concluding that there was no articulable basis for the initial inquiry by police and that the occupants of the vehicle were unreasonably detained *(see, People v Pizzo,* 144 AD2d 930, *lv denied* 73 NY2d 1020). We now conclude that for the same reasons set forth in our memorandum in *Pizzo,* the judgment on indictment 9-84-141 must be reversed.

Defendant contends that the judgments on the remaining indictments also should be reversed because his guilty plea on all three indictments was part of a package. We reject that claim. There is no indication that defendant pleaded guilty to receive favorable treatment on any of the indictments. Indeed, he pleaded guilty to all counts except the count dismissed at the People's request, and there is no suggestion that this dismissal was the product of a plea bargain. Moreover, defendant did not plead to obtain a favorable sentence; the court explicitly stated that it could not give any indication or promise on sentencing. Because the plea was not induced by any commitment on sentencing, vacatur of the plea is not warranted *(People v Lowrance,* 41 NY2d 303; *cf., People v Fuggazzatto,* 62 NY2d 862; *People v Clark,* 45 NY2d 432, *rearg denied* 45 NY2d 839).

We also conclude that the sentences imposed on the remaining indictments are not harsh or excessive. Accordingly, we reverse the judgment on indictment 9-84-141 and affirm the judgments on the remaining indictments. (Appeal from judg-

ment of Ontario County Court, Reed, J.—burglary, second degree; petit larceny.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.