■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS FERRON, Appellant.—Judgment unanimously affirmed. Memorandum: The suppression court properly denied defendant's motion to suppress physical evidence seized on February 26, 1988. Officers had obtained a warrant to search defendant and his apartment based on their knowledge of defendant's sale of drugs on the previous day. They directed the arresting officer via police radio to stop defendant's vehicle and detain him *(see, People v Lypka,* 36 NY2d 210; *People v Horowitz,* 21 NY2d 55). The subsequent search of defendant's person and vehicle and the seizure of the key and briefcase were justified as incident to a lawful arrest *(see, Chimel v California,* 395 US 752; *People v Gokey,* 60 NY2d 309).

Defendant's remaining claims lack merit. The court properly denied defendant's motion to suppress the pedigree statement regarding his address *(see, People v Rogers,* 48 NY2d 167). There was credible evidence to support the court's finding that papers and other items were seized on April 6, 1988 from defendant's residence and not from his vehicle *(see, People v Prochilo,* 41 NY2d 759). The People sufficiently controverted defendant's suppression motion so as to require a hearing (CPL 710.60 [4]; *People v Gruden,* 42 NY2d 214). Defendant's due process rights were not violated. He raised the issue of the legality of the search in his motion papers and at the suppression hearing and there is no showing that he requested or was denied the opportunity to explore that issue *(cf., People v Stith,* 124 AD2d 342, *mod on other grounds* 69 NY2d 313). (Appeal from judgment of Monroe County Court, Wisner, J.—criminal possession of controlled substance, second degree.) Present—Doerr, J. P., Denman, Balio, Lawton and Lowery, JJ.