■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE LABRON, True Name EDDIE LEBRON Appellant.—Judgment of the Supreme Court, New York County (Richard Carruthers, J.), convicting defendant, after jury trial, of crimi-, nal sale of a controlled substance in the third degree, and sentencing him, as a predicate felon, to an indeterminate term of imprisonment of from 4½ to 9 years, unanimously affirmed.

Defendant was arrested for the sale of $10 worth of heroin to an undercover officer. The officer transmitted a physical description by radio to his back-up team, which searched the area but failed to locate defendant. Approximately 50 minutes later, the undercover officer saw defendant cross the street and enter a bodega about two blocks from where the narcotics transaction took place. He again notified his back-up team, describing defendant but informing them that he no longer wore the hat he had on at the time of the sale. Defendant was taken into custody inside the store and the prerecorded bills recovered from his person. When defendant was taken outside, the undercover officer drove by and made a positive confirmatory identification.

Defendant's oral motion to suppress physical evidence consisting of $10 in pre-recorded buy money was properly denied. The motion was made orally rather than in writing and without notice to the People, as required by CPL 710.60 (1). Defendant failed to establish good cause pursuant to CPL 255.20 (3) for his delay in bringing the motion so as to remove his application from the time constraints imposed by CPL 255.20 (1) *(People v Key,* 45 NY2d 111, 116; *People v Selby,* 53 AD2d 878, *affd* 43 NY2d 791). Moreover, a motion to enlarge

the time to file pre-trial motions was previously denied by another Justice of the same court.

The record does not reflect that defendant was deprived of the effective assistance of counsel. The failure to have made a timely motion to suppress evidence does not, by itself, establish ineffective assistance of counsel *(People v Rivera,* 71 NY2d 705), nor does trial counsel's cross-examination of the arresting officer which elicited that defendant possessed $130, including the pre-recorded buy money, at the time he was apprehended.

The relevant inquiry is the extent to which counsel's asserted errors adversely impact on " 'basic points essential to the defense' " *(People v Ferguson,* 114 AD2d 226, 230, quoting *People v Droz,* 39 NY2d 457, 462). At issue in this case is not merely defendant's possession of the buy money but his participation in the sale of narcotics to an undercover officer. The defense introduced evidence that defendant won some of the $130 in a three-card monte game operating in the vicinity, a strategy to which defendant's possession of a larger sum of money is material. As to the issue of probable cause, the two radio transmissions of defendant's description which were received by the arresting officer from the undercover officer and defendant's presence at the indicated location as the only person remotely matching that description afford ample basis for his arrest.

Accordingly, defendant has failed to demonstrate that his counsel rendered ineffective assistance or that the outcome would have been different had counsel employed alternative tactics *(Strickland v Washington,* 466 US 668, *reh denied* 467 US 1267).

Defendant's other contentions have been examined and found to be without merit. Concur—Carro, J. P., Milonas, Ellerin, Smith and Rubin, JJ.