■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CAIN, Appellant. [598 NYS2d 282] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feinberg, J.), rendered May 20, 1991, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The radio transmission of the defendant's description which was received by the arresting officer from the undercover officer moments after the attempted drug transaction took place, and the defendant's presence near a 1984 Chevrolet Camaro at the indicated location, gave the arresting officer probable cause to believe that the defendant had engaged in criminal activity *(see, People v Hollman,* 79 NY2d 181; *People v De Bour,* 40 NY2d 210; *People v LaBron,* 172 AD2d 462; *cf., People v Williams,* 79 AD2d 929). Moreover, probable cause to arrest the defendant was reinforced once the arresting officer saw cash and tinfoil packets, in plain view on the front seat of the Camaro, which he knew from experience were commonly used as containers for illegal drugs, and when he ascertained that the Camaro belonged to the defendant *(see, People v Landy,* 59 NY2d 369, 376-377; *People v Sanders,* 143 AD2d 1063; *People v D'Ambrosi,* 137 AD2d 703; *People v Geddes,* 134 AD2d 279, 280; *People v Green,* 133 AD2d 170, 173).

It is well established that while evidence of unconnected, uncharged criminal conduct is inadmissible if offered only to establish a defendant's criminal propensities, it is admissible if offered for a relevant purpose, and is competent to prove the crime charged by means of establishing motive, intent, absence of mistake or accident, a common scheme or plan, or identity *(see, People v Alvino,* 71 NY2d 233; *People v Vails,* 43 NY2d 364). Here, evidence of the prior uncharged drug sales was admissible to further establish the identity of the defendant *(see, People v Henry,* 166 AD2d 720), to prove the defendant's intent in meeting with the undercover officer, and to complete the narrative concerning how the transaction came

about (see, People v Hernandez, 71 NY2d 233; People v Tabora, 139 AD2d 540).

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.