(November 24, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE W. VAIL, JR., Appellant. — Appeal from a judgment of the County Court of Broome County (Smyk, J.), rendered July 22, 1980, convicting defendant upon his plea of guilty of the crime of rape in the first degree. Defendant's conviction was previously affirmed by this court (86 AD2d 784). On June 4, 1982, we granted leave to reargue our April 13, 1982 denial of his application to reopen the appeal for the purpose of raising issues related to a suppression hearing in which suppression of his statements and admissions to police was denied. The sole issue before·us on this appeal is whether the suppression court erred in holding that defendant's confession was admissible. Defendant voluntarily accompanied police to the Ontario County Sheriff's office where, after being given *Miranda* warnings, he was questioned concerning his involvement in a forcible rape one day earlier. Defendant contends that his confession should have been suppressed because it was obtained by promise of an "easier" sentence and that a shorter separation from his girlfriend would result, and also that questioning continued after he said he wished to remain silent. The judgment should be affirmed. Defendant's arguments are not supported by the record. He correctly contends that a statement "'obtained by any direct or implied promises, however slight'" (*Bram v United States*, 168 US 532, 542-543) is inadmissible. Nor do we disagree with the holding in *People v Bay* (76 AD2d 592, app dsmd 54 NY2d 808), relied upon by defendant. However, the factual situation here does not begin to approach that found in *Bay,* and is readily distinguishable. "'Credibility is determined by the trier of the facts who has the advantage of observing the witnesses and necessarily is in a superior position with respect to that ·aspect than an appellate court which reviews but the printed record'" (*People v Stroman,* 83 AD2d 370, 372, quoting

*People v Wright,* 71 AD2d 585, 586). "Where there are different inferences that can be drawn from the facts, the choice is for the trier of the facts and should be honored unless unsupported as a matter of law" (*People v McNeeley,* 77 AD2d 205, 208-209). Any conflict in testimony presents a credibility question for the suppression court (*People v Munro,* 86 AD2d 683, 686). On this record, we cannot say the suppression court erred. Defendant next argues error in the failure of the suppression court to include in its recitation of its findings of fact any finding concerning defendant's alleged declaration of his desire to terminate the questioning and remain silent. The record demonstrates that defense counsel argued the alleged declaration following the closing of testimony and immediately before the court rendered its oral decision from the Bench. We cannot say that the court failed to consider this contention. The omission, when the record is taken as a whole and the decision read, shows that the court concluded defendant's *Miranda* rights were not violated and that his statement was voluntary. Implicit in these conclusions, even though not specifically stated, is the finding that the court considered and rejected the contention made both in defendant's testimony and the oral argument by his attorney immediately previous thereto. Consideration of *Miranda* rights would necessarily include any violation of defendant's right to discontinue questioning and remain silent. Judgment affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.