■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY WEISBERG, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered October 17, 1983, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and bail jumping in the first degree.

Defendant was interviewed by police regarding a burglary of a City of Elmira residence. According to defendant, during the interview, the interrogating detective, in an effort to induce defendant and his companion to turn over property taken in the burglary, promised that if the property was returned defendant would not be arrested. Allegedly, in reliance on this promise, which the detective denied ever making, defendant then falsely implicated himself in the robbery—ostensibly to aid his friend—and also delivered certain of the items stolen to the police. Defendant was thereupon arrested and charged with burglary in the second degree and petit larceny. By this appeal, defendant seeks review of the propriety of County Court's denial of defendant's motion to suppress his confession to the charges and the stolen property he produced.

Because of defendant's failure to appear at a scheduled court hearing relating to the burglary charge, defendant was indicted for bail jumping in the first degree. Apprehended in Texas, he claims that he was interrogated by a Chemung County Sheriff's investigator while being transported to New York as to the reason for his nonappearance at the hearing and the means used to abscond, and that his responses to the investigator were inculpatory. These inculpatory statements were the subject of a second unsuccessful suppression hearing at which the investigator swore that he never engaged in any questioning of defendant during the journey and that it was defendant who initiated and carried on the conversation, with the officer only responding with statements of fact. Following the denial of this second suppression motion, defendant, a predicate felon, pleaded guilty as noted.

Preliminarily, the People claim that defendant's plea of guilty effected a general waiver of his right to maintain the present appeal. The record reveals, however, that it was not made known to defendant at any time that his plea extinguished any of his appeal rights (cf. People v Jandrew, 101 AD2d 90, 91); County Court simply apprised defendant that "if you enter a plea now you won't be having that trial". Appellate review of the merits of the two suppression motions is

accordingly both appropriate and just, and, on the merits, we affirm.

In the first suppression hearing, the issue of whether defendant's confession was elicited through false promises of immunity presents nothing more than a credibility question. Since County Court's resolution of the conflict in testimony between the detective and the defense witnesses is not unsupported as a matter of law, it should be honored (see, People v Vail, 90 AD2d 917, 918).

As for the second suppression hearing, it too entailed weighing contradictory versions of the conversation between defendant and the investigator during the return trip from Texas. If County Court credited the People's witness, which it was at liberty to do, the record amply supports the conclusion that defendant's statements were spontaneous and unsolicited, rather than coerced. "The police are not obligated to silence a talkative defendant" (People v Krom, 61 NY2d 187, 199).

Judgment affirmed. Kane, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.