■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL R. CAPUTO, Appellant.—Kane, J. Appeal from a judgment of the County Court of Fulton County (Lomanto, J.), rendered June 26, 1986, upon, inter alia, a verdict convicting defendant of the crimes of burglary in the third degree and grand larceny in the third degree.

The charges upon which defendant stands convicted arise from the breaking and entering into of premises known as the House of Pizza in the Town of Johnstown, Fulton County. Defendant was found guilty of participating in the break-in along with two codefendants, Kevin Warner and Robert Platt, which resulted in the theft of a cash register, a cashbox containing currency and coin money, and a radio. The codefendants both testified against defendant at trial, following their pleas to reduced charges and sentences to probation, in consideration of their cooperating with the authorities in support of defendant's prosecution.

On this appeal, defendant seeks reversal contending that (1) his oral statement to the police after his right to counsel had attached should have been suppressed, (2) the testimony of the accomplices lacked sufficient corroboration, (3) County Court erred in not charging a lesser included offense, (4) the Trial Judge should have recused himself from defendant's trial, and (5) defendant was deprived of the effective assistance of counsel. We affirm.

Defendant's oral statement to the police was made spontaneously and immediately after he had called his attorney's office from the telephone at the police station. He had voluntarily accompanied the officers to the station house, as requested by them, and after receiving his Miranda warnings, invoked his right to counsel when the police officers mentioned the burglary at the House of Pizza. As defendant returned the telephone to the police, he admitted participating in the burglary, spontaneously and without any interrogation from the officers or any conduct on their part designed to procure evidence against him. Accordingly, his statement was admissible (see, People v Krom, 61 NY2d 187, 199, 200).

As to the question of corroboration, defendant's own admission supplied the requisite independent evidence "tending to connect the defendant with the commission of [the] offense"

charged (CPL 60.22 [1]; *see, People v Moses,* 63 NY2d 299, 306; *People v Muccia,* 139 AD2d 838; *People v Benedict,* 115 AD2d 795, 796, *affd* 68 NY2d 832). Moreover, there was ample physical evidence in addition to the testimony of the other participants to supply the necessary corroboration and the nexus between defendant and the criminal activity *(see, People v Glasper,* 52 NY2d 970).

Equally without merit is defendant's assignment of error to County Court's failure to charge criminal trespass as a lesser included offense. There is no reasonable view of the evidence that would support a finding that defendant committed such lesser offense but did not commit the greater *(see, People v Glover,* 57 NY2d 61, 63).

Finally, we find no abuse of discretion in the Trial Judge's failure to recuse himself because of his prior judicial contact with defendant wherein he obtained information from defendant concerning his participation in the crime *(see, People v Smith,* 63 NY2d 41, 68, *cert denied* 461 US 1227; *People v Harris,* 117 AD2d 881, 882), nor any merit in the claim of lack of effective assistance of counsel *(see, People v Young,* 116 AD2d 922, 924).

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Mercure, JJ., concur.