■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEIGHTON HARRIS, Appellant.—Casey, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered November 6, 1987, upon a verdict convicting defendant of the crime of assault in the second degree.

On May 7, 1987, defendant, an inmate at Elmira Correctional Facility in Chemung County, was involved in an altercation with an on-duty correction officer. The altercation occurred outside mess hall two, after defendant had finished lunch, and arose out of the correction officer's directions to defendant, who was scheduled to work in mess hall one for

---

the remainder of the lunch period. The altercation involved defendant striking the correction officer in the face, which knocked off his glasses and injured his eye. The correction officer claims that the attack was unprovoked. Defendant claims that he was aggressively "pat frisked" by the officer, who pushed defendant's head into a wall, which prompted defendant to swing at the officer. Defendant was charged with assault in the second degree and convicted after trial.

Defendant claims that County Court erred in denying his motion to dismiss the indictment. He contends that an essential element of the crime was omitted from the indictment, i.e., that defendant was actually *confined* in a correctional institution at the time of the incident. The indictment alleged only that the assault was committed "at the Elmira Correctional Facility". We view this allegation sufficient to inform defendant of the confinement element of the crime charged. Defendant can hardly claim prejudice in the omission since he knew of his own confinement at the correctional institution. We find that the indictment was not jurisdictionally defective in this regard *(see, People v Iannone,* 45 NY2d 589, 598) and, therefore, believe that County Court properly denied defendant's motion to dismiss it.

Defendant argues further that error was committed by County Court in allowing the prosecution during trial to refer to defendant's prior conviction, the one on which he was confined at the time of this incident, when he had admitted that prior conviction which was attached to the indictment as a special information. The references objected to by defendant were directed at the element of defendant's confinement in a correctional facility, an obvious fact that defendant refused to admit. In this regard, however, the claim of error was not preserved for our review due to defendant's failure to object during trial; in any case, we find no undue prejudice as a result of these references to defendant's confinement as distinguished from the underlying conviction *(see, People v Koponen,* 129 AD2d 838, 839, *lv denied* 69 NY2d 1005).

Defendant next claims that attempted assault in the second degree should have been charged as a lesser included offense because he did not intend "fully to commit an assault" and that the injuries sustained by the correction officer did not rise to the level of physical injury. We agree with the refusal of County Court to charge an attempt as a lesser included offense. Defendant admitted striking the officer who sustained physical injury. Therefore, no reasonable view of the evidence

supports the submission of an attempt as a lesser included offense (see, *People v Caputo*, 142 AD2d 888, 889).

In response to defendant's request to charge justification, County Court charged it under the provisions of Penal Law § 35.15 (1), but refused to charge that defense under Penal Law § 35.05 (2). Defendant contends that this failure prevented the jury from considering his state of mind in acting as he did. Despite the court's refusal to charge under Penal Law § 35.05 (2), the court did state to the jury in its charge under Penal Law § 35.15 (1) that in considering justification "the crucial fact in issue is the state of mind of the [d]efendant". The "pat frisk" which defendant contends justified his actions did not constitute "an imminent public or private injury" contemplated by Penal Law § 35.05 (2). Therefore, County Court was correct in determining that there was insufficient evidence to support justifiable self-defense permitting emergency measures to avoid imminent injury (see, *People v Diaz*, 145 AD2d 833, 834). Having found no merit in defendant's various contentions, we affirm the judgment of conviction.

Judgment affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.