■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAMERON BAILEY, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 15, 1988, convicting defendant upon his plea of guilty of the crimes of rape in the first degree (three counts) and sodomy in the first degree.

Defendant was indicted for sodomy in the first degree and three counts of rape in the first degree for incidents occurring in Albany County during 1986. In order to conduct DNA fingerprinting tests in an effort to establish defendant as the perpetrator of these crimes, the People moved to obtain blood samples from defendant pursuant to CPL 240.40 (2) (v). Pursuant to Frye v United States (293 F 1013) and People v Middle-

*ton* (54 NY2d 42), County Court held a hearing to determine the scientific reliability of DNA fingerprinting to establish the identity of a perpetrator of a crime. Following a lengthy hearing, County Court held that DNA fingerprinting is reliable and accepted within the scientific community (140 Misc 2d 306, 332). Accordingly, County Court granted the People's motion *(supra)*. Thereafter, defendant pleaded guilty to the crimes as charged. He was sentenced to four consecutive indeterminate terms of incarceration of 8⅓ to 25 years. Defendant appeals from the judgment of conviction.

By pleading guilty, defendant waived all nonjurisdictional defects *(see, e.g., People v Motley,* 69 NY2d 870, 871-872). County Court's order granting the People permission to take a blood sample from defendant was not jurisdictional and, thus, any appellate review of it was waived by the guilty plea. Any indication by County Court concerning the availability of appellate review of this issue cannot be binding *(see, People v Campbell,* 73 NY2d 481, 486). This is not a situation falling within the narrow statutory exception permitting appeals from final orders of suppression even after a guilty plea (CPL 710.70 [2]) for there was no suppression motion by defendant. Accordingly, we must decline to review the validity of the DNA fingerprinting technique as a means of identifying criminal perpetrators. The importance of this issue to the law enforcement community and criminal defense bar requires that it be addressed only when properly raised and presented.

As to defendant's contention that the sentence is harsh and excessive, we find no abuse of County Court's discretion in this regard.

Judgment affirmed. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.