■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS W. CROUCH, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Madison County (Humphreys, J.), rendered January 4, 1988, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree and petit larceny.

Defendant was indicted for burglary in the third degree and petit larceny for an incident in the Town of Nelson, Madison County, on June 29, 1987. He moved to suppress evidence, to dismiss the indictment in the furtherance of justice and for a *Sandoval* hearing. Following hearings, each of the motions

was decided adversely to defendant, who then pleaded guilty as charged. He was sentenced to an indeterminate term of incarceration of 3 to 6 years. On this appeal, defendant, relying on our decision in *People v Weisberg* (115 AD2d 789), argues essentially that his guilty plea was not knowing, voluntary and intelligent because County Court did not advise him that his guilty plea effectively waived appellate review of his motions to dismiss the indictment and for a *Sandoval* hearing *(see, People v Nitzke, 152 AD2d 815).*

We affirm. Defendant's reliance on *People v Weisberg (supra)* is misplaced. First, *Weisberg* is factually distinguishable since it involved appellate review of a suppression motion, which was not affected by the defendant's guilty plea *(see,* CPL 710.70 [2]).* Next, even a defendant's stated intention to raise an issue on appeal or a court's indication of the availability of appellate review cannot preserve appellate review of that issue if it is waived through operation of law by a guilty plea *(see, People v Campbell,* 73 NY2d 481, 486; *People v Bailey,* 156 AD2d 846, *lv denied* 75 NY2d 810). As noted, the issues underlying defendant's claim were waived through operation of law by his guilty plea.

Additionally and more importantly, it is clear that a defendant need not be specifically advised of all the constitutional and statutory rights waived by a guilty plea *(see, People v Harris,* 61 NY2d 9, 16; *People v Jandrew,* 101 AD2d 90, 91-92). Indeed, recent decisions concerning the waiver of the right to appeal reiterate that a defendant need not be specifically advised of all rights being waived. For example, in *People v Lester* (137 AD2d 871, *lv denied* 71 NY2d 898) we held that in the absence of any indication that a waiver of the right to appeal was anything but knowing and voluntary, we would give it effect. Similarly, the Court of Appeals recently approved waivers of the right to appeal, emphasizing that the waivers must be voluntary, knowing and intelligent which must be determined from all the relevant facts and circumstances *(see, People v Seaberg,* 74 NY2d 1, 9), a standard applicable to guilty pleas *(see, People v Harris, supra,* at 16-17). Thus, if a general waiver of the right to appeal can be accomplished without specific enumeration of the scope of the waiver *(see, People v Seaberg, supra),* we have no trouble holding that issues waived by a guilty plea need not be specifically enumerated so long as the surrounding circum-

---

* Defendant's failure on this appeal to challenge the suppression determination, however, does prevent our review of that issue.

stances reveal a knowing, voluntary and intelligent plea. Considering the factors in this case, such as defendant's representation by counsel, extensive experience in the criminal justice system and ready acknowledgment of his participation in the charged crimes, we see no reason to disturb the guilty plea and resulting judgment of conviction.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.