■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH POLITO, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered October 16, 1989, upon a verdict convicting defendant of the crimes of manslaughter in the second degree and criminal possession of a weapon in the third degree.

In the early morning hours of December 11, 1988, Kevin Ringer (hereinafter decedent) was shot and killed by a single bullet from a Winchester hunting rifle. The events leading up to this shooting are as follows. On the evening of December 10, 1988, defendant, accompanied by his friend Michael Morrow, arrived at the T&R Lounge in the Town of Rosendale, Ulster County, in an attempt to locate his former girlfriend, Deidre Farden. Because defendant had caused a scene at the bar the night before, he was not allowed admittance. He and Morrow eventually parked outside the bar to wait for Farden. At approximately 4:00 A.M., defendant told Morrow to load his hunting rifle and then drive after a vehicle in which Farden was a passenger. Defendant and Morrow followed the vehicle

for several miles until it eventually pulled off the road with a flat tire. Decedent, the driver of the vehicle, then apparently got out of the car to work on the tire.

At trial, Morrow testified that defendant told him to stop his truck behind the disabled vehicle and then asked Morrow to give him the rifle. Defendant approached Farden, who got into the driver's side of the disabled vehicle and refused to acknowledge defendant. Farden testified that she heard defendant tell decedent to tell her to get out of the truck. According to Morrow, defendant turned around and pointed the gun at decedent, who started to raise his hands in the air. Morrow testified that he jumped out of his truck, heard a shot go off, and saw decedent lying on the ground with defendant standing in front of him holding a rifle. Defendant's version of these events differed most significantly from that of Morrow in that he contended that it was Morrow who emerged from the truck holding the rifle. After Morrow allegedly attempted to push the gun at defendant to use on decedent, defendant claims he pushed it back at Morrow causing it to go off and accidently hit decedent.

Defendant was indicted on two counts of murder in the second degree (the first alleging intent and the second alleging depraved indifference to human life) and one count of criminal possession of a weapon in the third degree. After a jury trial, defendant was found guilty of manslaughter in the second degree and criminal possession of a weapon in the third degree. Defendant was sentenced to concurrent terms of 6 to 12 years for the manslaughter conviction and 3 to 6 years for the weapons charge. This appeal followed.

Initially, we reject defendant's contention that County Court erred in denying his pretrial motion to suppress the statements he made to the police. Although defendant testified at the suppression hearing that he was mistreated by the police and pressured by them into making a statement, the hearing testimony of the two investigators who interviewed defendant indicates the opposite. This court has noted in the past that any conflict in testimony presents a credibility question for the suppression court (see, *People v Weisberg*, 115 AD2d 789, 790; *People v Vail*, 90 AD2d 917, 918). The Court of Appeals has held that "much weight must be accorded the determination of the suppression court with its peculiar advantages of having seen and heard the witnesses" (*People v Prochilo*, 41 NY2d 759, 761; see, *People v Sierra*, 167 AD2d 765). Examining the totality of the circumstances under which the statement was given and accepting County Court's assessment of the

credibility of the witness, we find no error in the denial of defendant's suppression motion.

Defendant's remaining arguments have been examined and found to be similarly unpersuasive. Contrary to defendant's assertions otherwise, sufficient independent evidence was adduced at trial to corroborate Morrow's testimony (see, CPL 60.22 [1]). Defendant's own statements combined with the ample physical evidence was more than sufficient to corroborate the accomplice testimony (see, People v Caputo, 142 AD2d 888). Moreover, viewing the evidence in the light most favorable to the People (see, People v Gemmill, 146 AD2d 951), we cannot agree that the jury's verdict was against the weight of the evidence (see, People v Abel, 166 AD2d 841). As for defendant's challenges to the jury charge, we note that no objection or exception to County Court's charge was made at trial and, therefore, this issue was not preserved for appellate review (see, People v Davis, 147 AD2d 817, 818, lv denied 74 NY2d 807; People v Roundtree, 140 AD2d 884, lv denied 73 NY2d 790). We find no basis for reversing on this issue in the interest of justice (see, CPL 470.15 [6] [a]).

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.