■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ALIMONTI, Appellant. [599 NYS2d 170] —Mikoll, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered February 21, 1992, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the second degree.

Defendant sought dismissal of the indictment, claiming that it was based on information provided by him to authorities under a grant of use immunity. He contends that he was deceived and coerced by the New York State Organized Crime Task Force and the State Police to disclose information, thus depriving him of his constitutional rights.

After a hearing, County Court found that defendant was never granted unqualified use immunity, either formally under New York statutory law or informally by verbal promises. The court concluded that at the time defendant imparted information to New York authorities, he was neither coerced nor misled by them, that he was not in custody and that no right to counsel had arisen that would require the police to inform him of his rights.

---

There should be an affirmance. County Court discredited defendant's contention that authorities promised him unqualified use immunity. The court's resolution of the credibility issue is supported by the record and we will not disturb it under these circumstances (see, People v Vail, 90 AD2d 917). The record also supports the finding that defendant was not in custody when he met with New York authorities and they were thus not obliged to give defendant Miranda warnings.

Weiss, P. J., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the judgment is affirmed.