■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE D. BAPP, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered September 4, 1986, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

At about 2:40 A.M. on April 7, 1986, State Troopers Fred Cason and Ronald Gardella stopped defendant's automobile on the Thruway between exits 22 and 23 due to the absence of a front license plate and because the windows were excessively tinted. After examining defendant's driver's license, vehicle registration and insurance certificate, Cason requested that he exit the car. Cason then asked where defendant had been and the destination of his trip. Cason was able to see through the open window on the driver's side while making the same brief inquiry of the two passengers seated in the rear seat. With the aid of his flashlight, Cason observed a propane cannister, a scale and a glass tube with attached wire, which, based upon his police experience, he believed could constitute drug paraphernalia. Defendant was then asked to sit in the police car while he was issued a ticket for the nontransparent windows (Vehicle and Traffic Law § 375 [22]). When the conversation concerning the ticket concluded, Cason asked defendant "if he would have any objection to us looking through his car". Defendant ultimately agreed and signed a printed waiver authorizing the search. The ensuing search produced a quantity of cocaine and various items of drug paraphernalia, upon which the indictment in this case was predicated. After defendant unsuccessfully moved to suppress the evidence seized as the product of an unlawfully coerced consent, he pleaded guilty to a reduced charge of criminal possession of a controlled substance in the second degree and was sentenced to an indeterminate term of five years' to life imprisonment. This appeal ensued.

Initially, we observe that defendant does not dispute and actually conceded during oral argument that the stop of his vehicle was authorized. Defendant's present challenge is primarily directed at the voluntariness of his consent to search the automobile. Emphasizing the circumstances prevailing at the time consent was given, defendant, in his brief, describes himself as being "cowed by the presence and conduct of [armed] officers" who "surrounded" him and threatened "he would not be able to pursue his journey without the continuing presence of the police", and that he was "ultimately induced" to sign a form by what "he perceived to be a threat

of further detention". The record does not support this scenario. Defendant testified that he was "asked" to enter the Troopers' vehicle. He said he was "handed" a ticket and the Trooper "explained" what he would have to do to take care of it. He was "asked" if he "had anything in the car that shouldn't be there" and he "told them yes, I did. I had a marijuana pipe in the glove box." Defendant testified that the Trooper "said if that's all I had it wouldn't make no difference. He then asked me to sign a paper and I first told him no. He said that if I didn't sign it *I could* be pulled over many more times before I arrived home. I then *thought* about it and *decided* to sign the paper" (emphasis supplied). On cross-examination, defendant conceded that he read the consent form, knew what it was, and knew that he was authorizing a search of his car.

This testimony confirms a knowing waiver, and while defendant suggests otherwise, the Troopers were not obligated to expressly warn defendant of a right to refuse consent *(see, Schneckloth v Bustamonte,* 412 US 218, 229-233; *People v Gonzalez,* 39 NY2d 122, 130; *People v Conklin,* 139 AD2d 156, 160; 3 LaFave, Search and Seizure § 8.1 [a], at 151 [2d ed]). With respect to the possibility of additional stops, defendant responded affirmatively when asked "[s]o instead of a threat it could just as easily be an observation that your car was illegal with those windows; that any other officers would respond the same way he had". This concession clearly speaks against any suggested coercive tactics. Moreover, Cason testified that defendant and his companions were not under arrest at this juncture and were free to leave *(see, People v Gonzalez, supra,* at 128; 3 LaFave, Search and Seizure § 8.2 [b], at 182, 184 [2d ed]). Cason further testified that defendant agreed to the consent search without any initial resistance.

Unlike the circumstances in *People v Gonzalez* (39 NY2d 122, *supra),* relied on by defendant, here there is no objective evidence of overbearing. The Troopers' testimony was clearly not implausible and could properly be accredited by County Court. In our view, the People met their heavy burden of demonstrating that the consent to search was freely and voluntarily given. Accordingly, we perceive no error in the denial of the suppression motion.

Finally, the bargained-for sentence is within the limits authorized by Penal Law § 70.00 (2) (a) and § 70.00 (3) (a) (ii). We find no abuse of discretion by County Court requiring our intervention *(see, People v Fullwood,* 107 AD2d 975; *People v Donnelly,* 103 AD2d 941).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.