■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH H. FORSHA, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered August 24, 1987, upon a verdict convicting defendant of the crime of murder in the second degree.

In December 1986, defendant lived with Judith Alexander and her three children at Alexander's apartment in the City of Albany. In the early morning hours of December 3, 1986, defendant went to the bed where Alexander and her 27-month-old daughter, Shannon, slept, picked the child up and suffocated her by holding his hands over her nose and mouth. Defendant awakened Alexander approximately 10 minutes later and told her that Shannon had fallen out of bed and was not breathing. The child was rushed to the hospital and pronounced dead shortly after her arrival. Defendant was questioned by detectives from the Albany Police Department for a period of approximately one hour following the child's death, gave an exculpatory written statement and was returned to Alexander's apartment by 6:30 A.M. A search of Alexander's apartment uncovered a clump of hair in a kitchen wastebasket; similar hair was found to be missing from the back of Shannon's head. Detectives returned to the apartment at approximately 3:25 P.M. that afternoon and asked defendant to come to their office for further interviews concerning the circumstances of the child's death. Defendant agreed to go and was questioned by several detectives until 10:30 P.M., at which time he confessed to the homicide. Defendant, charged with two counts of murder in the second degree, was convicted following a jury trial of the first count of the indictment (Penal Law § 125.25 [1]) and sentenced to a prison term of 25 years to life. This appeal ensued.

There should be an affirmance. Defendant's primary contention is that County Court erred in denying suppression of his confession. We disagree. Initially, there is no support in the record for the contention that defendant was arrested or detained prior to the time when he gave the inculpatory statement. In fact, defendant's own testimony at the *Huntley*

hearing was that he accompanied the police officers voluntarily, that he cooperated with them at all times and that he was not placed under arrest until after he signed the statement. Nor do we agree that the People failed to prove beyond a reasonable doubt that the statement was voluntary under the totality of the circumstances (see, People v Leonti, 18 NY2d 384, 389-390, cert denied 389 US 1007). The so-called interrogation during the early morning hours of December 3, 1986 amounted to nothing more than routine questioning of one of the people present at the time of a suspicious death and simply resulted in defendant's exculpatory written statement.

Although the questioning the following afternoon was more focused and of longer duration, extending for seven hours prior to defendant's incriminating statement and arrest, the evidence belies defendant's contention that he was deprived of sleep or food or isolated from friends or family. To the contrary, the uncontradicted testimony was that defendant was offered food and coffee, was permitted to go to the lavatory unattended on at least two occasions and was permitted to make telephone calls to his mother and Alexander. Further, as noted, defendant was never held against his will, and nothing in the record suggests that he was unaware that he could terminate the questioning at any time. Defendant's effort to equate the facts of this case with the situation in People v Anderson (42 NY2d 35), where there was a finding of custodial detention without probable cause and continuous interrogation without food or sleep for 19 hours, is unavailing.

Next, defendant's assertion that the testimony of two expert witnesses was improperly received is rejected. The testimony of Anthony Orloski as to his scientific comparison of Shannon's hair with hair found in the wastebasket in Alexander's apartment was neither irrelevant nor impermissibly bolstering of other evidence. This was the only scientific proof linking the hair samples, and the testimony had the effect of corroborating defendant's confession. Additionally, Orloski's education and training, together with his observations of the quantity of hair removed and that tissue adhered to the hair roots, adequately supported the opinion that the hair was forcibly removed by a third party (see, People v Smith, 59 NY2d 156, 168). There was also an adequate foundation for the opinion of Dr. Jeffrey Hubbard that Shannon died as a result of suffocation and that the death was not accidental. The omission of the words "reasonable degree of medical certainty" did not undermine Hubbard's opinion since it was clear from his testimony that he intended to " 'signify a

probability supported by some rational basis' " *(Matott v Ward,* 48 NY2d 455, 461).

Finally, we reject the contention that defendant was denied the effective assistance of counsel. The theory of the defense was that Alexander, an alcoholic, "passed out" in bed with Shannon and, while stuporous, rolled over on the child and suffocated her. Consistent with this theory, defense counsel did not rebut the prosecution evidence of asphyxiation as the cause of death or request charges on the effect of intoxication or lesser included offenses. In our view, defense counsel's actions throughout the suppression hearing and trial "reveal that the attorney provided meaningful representation" *(People v Baldi,* 54 NY2d 137, 147).

We have examined defendant's remaining contentions and find them to be without merit.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.