■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL OSBORNE, Appellant.—Weiss, J.

Defendant's automobile was stopped by Police Officer Carlo Pittaluga on Broadway in the Village of Monticello, Sullivan County, at about 9:30 P.M. on December 14, 1986 because its windows were excessively tinted (see, Vehicle and Traffic Law § 375 [12-a] [b]). Earlier that week all of the officers on duty were advised by their supervisor that defendant's vehicle had

been identified and was suspected of involvement in drug sales in the vicinity of the Pub Bar on Broadway. Pittaluga had also learned that defendant had a record of previous arrests, including a drug possession charge and resisting arrest, and that defendant's address was shown to be the same as Joseph McKensie, an individual with numerous prior drug arrests and against whom there were outstanding warrants. When defendant exhibited difficulty producing his driver's license and insurance card he was asked to exit the automobile. His passenger, Barbara Lewis, ignored Pittaluga's request to remain at the scene and she left to enter the Pub Bar. Pittaluga observed that defendant had difficulty reaching into his pockets because he was holding a large piece of blue cloth in one hand and also noticed a large bulge in one of his pockets. Pittaluga felt something hard and long in defendant's pocket, which defendant said "was a knife * * * [not] a gun or anything like that". While Pittaluga removed a 12-inch knife and a large roll of currency containing approximately $1,800, all in $20 bills, he perceived that defendant dropped a gray leather change purse to the ground. When recovered, Pittaluga found that the purse contained more than 20 vials of crack cocaine. Defendant was placed under arrest and indicted for criminal possession of a controlled substance in the third and fourth degrees. An inventory search of his car revealed 30 "nickel bags" of marihuana. Following denial of his motion to suppress the evidence seized, defendant pleaded guilty to the indictment pursuant to a negotiated plea bargain and was sentenced to concurrent terms of imprisonment of 2 to 6 years.

Defendant initially challenges the stop of his automobile as unlawful, arguing that Pittaluga lacked reasonable suspicion to believe that a violation of Vehicle and Traffic Law § 375 (12-a) (b) had occurred. He is mistaken. "All that is required is that the stop be not the product of mere whim, caprice, or idle curiosity. It is enough if the stop is based upon 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion' " *(People v Ingle,* 36 NY2d 413, 420, quoting *Terry v Ohio,* 392 US 1, 21). Pittaluga believed that the tinted windows constituted a violation of Vehicle and Traffic Law § 375 (12-a) (b) because, as he testified, "you are not supposed to have windows on your vehicle * * * to be more than thirty-five percent reflective * * * if you can't see through the window, then it is more than thirty-five percent". He stated that, while he could see there was a driver of the car, he could not identify who it

was. Pittaluga also testified that he recognized the vehicle and knew that it was suspected of being used for drug transactions and that defendant, as owner, had given his address as that of McKensie, a known drug offender. Defendant conceded that he had the windows tinted himself, and that it was possible to both see into and out of the car through the windows.

In *People v Hoffman* (135 AD2d 299), this court held that a police officer may stop a vehicle when he reasonably suspects a violation of the Vehicle and Traffic Law and there is no requirement that the violation be substantial. "[T]he facts observed by the officer need only support a reasonable suspicion; they need not be of sufficient probative force to support a conviction of the violation" *(supra,* at 301). More recently, this court upheld a stop of an automobile at night on the Thruway because, *inter alia,* the windows were excessively tinted *(People v Bapp,* 149 AD2d 804). In the instant case, Pittaluga's observation of the tinted windows and his inability to identify the driver were a proper predicate for the stop, which justified the extent of the intrusion. "[T]he predicate established defines the scope of permissible police conduct" *(People v Stewart,* 41 NY2d 65, 66). Defendant's attempt to negate the stop, because the police based it upon an anonymous tip not proven to be reliable, must fail. The entire tour of duty had been briefed upon the use of defendant's automobile for drug sales near the Pub Bar. Defendant offered no proof to discredit either the police or the information relied upon, although he was afforded the opportunity to do so. County Court was in the best position to assess the credibility of the witnesses and, since there has been no showing of any abuse of that discretion, those findings should be accorded great weight *(see, People v Kennedy,* 47 NY2d 196; *People v Villanueva,* 137 AD2d 852, 853, *lv denied* 71 NY2d 1034).

Defendant next contends that there was no reasonable justification for the search and seizure of the contents of his pocket or the gray pouch that he dropped. Defendant's conduct while attempting to find his license and insurance card and his attempts to conceal an object in his hand, when taken together with the considerable bulge in his pocket, were sufficient to arouse a reasonable suspicion in the officer's mind *(see,* CPL 140.50 [3]). Pittaluga testified, "What I felt was hard in his pocket [that it] made me more suspicious of something that might hurt me". Defendant testified that he told Pittaluga it was a knife, not a gun, at which point defendant observed: "[W]hen I pulled out the knife he was scared. I told him not to worry." Defendant clearly perceived Pittaluga's

fear. Pittaluga's suspicions were founded upon a reasonable basis and justified the limited intrusion leading to seizure of the contraband *(see, People v Prochilo,* 41 NY2d 759, 762). A police officer need not "await the glint of steel before he can act to preserve his safety" *(People v Benjamin,* 51 NY2d 267, 271).

We further reject defendant's contention that the decision denying suppression was deficient for failing to resolve factual disputes raised at the hearing. Although County Court might better have separately stated its findings of fact and conclusions of law as required by CPL 710.60 (6), it is evident from the record that defendant was not entitled to suppression *(see, People v Gonzalez,* 116 AD2d 661, 662).

Finally, we find unpersuasive defendant's contention that the sentence imposed was excessive. Defendant received less than the maximum prison sentence of 8⅓ to 25 years which he faced for conviction on a class B felony. Moreover, he was well aware that the bargain included the prosecutor's recommendation that the sentence be 2 to 6 years, and he knowingly and voluntarily accepted the plea. In sum, we find no abuse of discretion by County Court which would justify disturbing the sentence *(see, People v Mackey,* 136 AD2d 780, *lv denied* 71 NY2d 899).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.