■ RONNIE WADE, Respondent, v KEVIN FISK, Appellant.— Mercure, J. Appeal from an order of the Supreme Court (Duskas, J.), entered June 29, 1990 in St. Lawrence County, which, *inter alia,* denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff, currently an inmate in a State correctional facility, commenced this *pro se* action pursuant to 42 USC § 1983 claiming a deprivation of his rights under the Federal Constitution as the result of the actions of defendant, a State Trooper, in arresting him and causing his prearraignment detention. Defendant moved for summary judgment dismissing the complaint. Supreme Court determined that factual issues existed as to whether defendant had probable cause to take plaintiff into custody and whether defendant used a racial epithet toward plaintiff and, accordingly, denied the motion. Defendant appeals.

We reverse. The undisputed facts adduced on the motion are as follows. Shortly after midnight on March 29, 1989, an automobile was taken during the robbery and assault of an individual in the Town of Ulster, Ulster County. Later that morning, the same vehicle, occupied by plaintiff and Michael McNeal, was involved in a serious accident in the Town of Brasher, St. Lawrence County. Defendant was dispatched to the scene, arriving at approximately 9:20 A.M. Upon briefly interviewing McNeal and plaintiff, defendant determined that McNeal had been the operator and that neither of the occupants could identify the owner of the vehicle. Defendant arrested McNeal for driving while intoxicated and placed him in handcuffs. Plaintiff was in the process of walking or running from the scene of the accident when defendant directed him to stop, placed him in handcuffs and secured him in the police vehicle.

Defendant then radioed the State Police barracks and requested a special file check on the vehicle involved in the

accident. Less than five minutes later, defendant was advised that the vehicle had been reported stolen in Ulster County and had been taken in connection with an assault and robbery. At that time, plaintiff was placed under arrest for criminal possession of stolen property and transported to the State Police barracks. Promptly thereafter, the Town of Ulster Police Department was contacted and advised of the situation. At approximately noon on March 29, 1989, two officers were dispatched from the Town of Ulster and drove the 303 miles to the State Police barracks in the Town of Massena, St. Lawrence County, arriving at approximately 4:30 P.M. They then interviewed and secured the custody of plaintiff and McNeal and left at approximately 9:15 P.M. for the return trip to the Town of Ulster. Plaintiff arrived in the Town of Ulster at approximately 2:15 A.M. on March 30, 1989 and was arraigned at approximately 4:30 A.M.

Clearly, if probable cause existed for the initial detention and arrest of plaintiff, the causes of action predicated upon defendant's unlawful seizure of plaintiff must fail as a matter of law (see, Greene v Brown, 535 F Supp 1096, 1100; Broughton v State of New York, 37 NY2d 451, 458-459, cert denied sub nom. Schanbarger v Kellogg, 423 US 929; see also, Bivens v Six Unknown Named Agents, 456 F2d 1339, 1347-1348), regardless of defendant's actual motives for effecting the arrest (see, Broughton v State of New York, supra). In our view, the evidence presented on the motion compels a finding that defendant was legally justified in initially stopping plaintiff for questioning, in briefly restraining him and in subsequently arresting him. First, there can be no question that defendant had a professional and legal responsibility to investigate this serious automobile accident and to ascertain the identities of the operators and owners of the vehicles involved (see, Vehicle and Traffic Law § 600 [1] [b]). Thus, defendant's initial inquiries of plaintiff were entirely reasonable. Second, upon discovering that neither plaintiff nor McNeal could identify the owner of the vehicle, defendant was further justified in restraining plaintiff for the limited time necessary to make a radio check to ascertain whether the vehicle had been stolen (see, People v Hicks, 68 NY2d 234, 241-242; People v Stith, 124 AD2d 342, mod on other grounds 69 NY2d 313; People v Brown, 116 AD2d 727). Third, when the radio transmission confirmed that the vehicle was in fact stolen, defendant was justified in arresting plaintiff (see, People v Bowdoin, 89 AD2d 986, 987).

Moreover, we perceive no basis for a claim against defen-

dant based upon the alleged use of a racial epithet or the assertion that he delayed plaintiff's arraignment. Regarding the former, we need merely note that " '[n]ot every push or shove' violates a person's constitutional rights" *(Keyes v City of Albany,* 594 F Supp 1147, 1155, quoting *Johnson v Glick,* 481 F2d 1028, 1033, *cert denied sub nom. John v Johnson,* 414 US 1033), and a racial epithet, "no matter how abhorrent or reprehensible", cannot of itself form the basis for a 42 USC § 1983 claim *(Keyes v City of Albany, supra,* at 1155; *see, Bolden v Mandel,* 385 F Supp 761, 763). Finally, it is clear that the delay in plaintiff's arraignment was the direct result of the distance between Ulster County and St. Lawrence County and the legal requirement that a criminal defendant be arraigned in the county in which the criminal conduct occurred *(see,* CPL 100.55, 120.30, 140.20).

Because defendant came forward with competent evidence eliminating all factual issues from the action, Supreme Court should have granted his motion for summary judgment and dismissed the complaint.

Weiss, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and complaint dismissed.