■ The People of the State of New York, Respondent, v Michael A. Sora, Appellant.—Casey, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), rendered January 4, 1991 in Broome County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

After the State Police received an anonymous tip, which gave a description of a car containing drugs in a red bag and traveling southbound on Interstate Route 81 from Cortland County to Long Island, a State Trooper observed a vehicle matching the description heading south on Route 81 in Broome County at 70 miles per hour. The Trooper signaled the vehicle to pull over and, after checking the driver's license and the vehicle's registration, issued a speeding ticket to the driver. A second Trooper arrived on the scene, and they decided to question the occupants regarding the presence of drugs, weapons or contraband in the vehicle and to seek the consent of the occupants to search the vehicle. The ensuing search produced a quantity of controlled substances in a red gym bag. Defendant and the other two occupants of the vehicle were arrested and transported to the State Police barracks, where defendant made an incriminating statement.

Defendant moved to suppress the physical evidence seized in the search of his vehicle and the statement given by him at the State Police barracks. The motion was denied following a hearing and thereafter defendant moved to dismiss the indictment on the ground that the physical evidence seized during the search of his vehicle had been destroyed by the State Police. After his motion to dismiss was denied, defendant entered a plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree, and he was sentenced to a one-year term of imprisonment.

Defendant's first contention on appeal is that the evidence seized from his vehicle should have been suppressed. We agree with defendant that the anonymous tip did not provide a sufficient basis for the police to stop and search defendant's vehicle (see, People v Elwell, 50 NY2d 231). We also agree with defendant that the search of the vehicle cannot be justified solely on the basis of the lawful stop of the vehicle for speeding (see, People v Mercado, 165 AD2d 910, lv denied 76 NY2d 988). Nevertheless, because the vehicle was lawfully stopped for a violation of the Vehicle and Traffic Law (see,

*People v Robinson,* 74 NY2d 773, *cert denied* 493 US 966; *People v Osborne,* 158 AD2d 740, *lv denied* 75 NY2d 968), the search can be upheld if, as found by the suppression court, defendant consented to the search of his vehicle *(see, People v Bapp,* 149 AD2d 804, *lv denied* 74 NY2d 736).

Before reaching the issue of consent, however, we reject defendant's contention that the Troopers exceeded the bounds of a normal traffic stop by detaining the vehicle's occupants beyond the time necessary to perform a check of the license and registration and to issue the speeding ticket. Once the vehicle was lawfully stopped, the anonymous tip provided the necessary founded suspicion that criminal activity was afoot to warrant the limited intrusion involved in the Troopers' inquiry as to whether there were any illegal drugs in the vehicle and whether the occupants objected to a search of the vehicle *(see, People v De Bour,* 40 NY2d 210, 215; *People v Bond,* 116 AD2d 28, 31, *lv denied* 68 NY2d 767), particularly inasmuch as defendant was found in a vehicle matching the description, location and destination indicated by the anonymous tip *(see, People v Russ,* 61 NY2d 693). Measured by the reasonableness standard, which requires a weighing of the degree of intrusion against the precipitating and attending circumstances *(see, People v Salaman,* 71 NY2d 869), we find nothing improper in the police conduct leading up to the search.

Turning to the issue of consent, we note that defendant's reliance upon *People v Guzman* (153 AD2d 320, *lv granted* 75 NY2d 926) is misplaced, for in that case the defendant's acquiescence to the officer's request to *look* in the vehicle did not amount to consent to *search* in the car by removing the rear seat *(supra,* at 324). Here, in contrast, the testimony at the suppression hearing clearly established that one of the Troopers specifically asked, "Do you mind if we *search* the vehicle?" (emphasis supplied). The Trooper who asked the question testified that each of the occupants of the vehicle responded in the negative to the inquiry. In particular, the Trooper testified that defendant, who was in the back seat, responded by saying, "No, we don't have anything." The other two occupants testified that they consented to the search, but they could not recall whether defendant responded to the inquiry. The second Trooper testified that he heard voices in the vehicle responding to the inquiry, but he was not looking at the occupants' faces and, therefore, was unable to say with any degree of certainty that defendant said anything. Defendant testified that he was asleep and had no recollection of

anything prior to his getting out of the vehicle. The testimony presented a question of credibility, and we see no basis for disturbing the suppression court's decision to credit the Trooper who testified that he saw and heard defendant respond to the inquiry.

The voluntariness of defendant's consent is a question of fact to be determined from the totality of the circumstances *(see, People v London,* 124 AD2d 254, *lv denied* 68 NY2d 1001). Although the People bear a heavy burden of proving that the consent was voluntary *(see, supra),* we agree with the suppression court that the burden was satisfied in this case. Because "[v]oluntariness is incompatible with official coercion, actual or implicit, overt or subtle" *(People v Gonzalez,* 39 NY2d 122, 128), we have examined the record for any evidence of coercive tactics by the Troopers and find none. No guns were drawn and no threats were made. Defendant was neither removed from the vehicle nor separated from his friends. The questions posed by the Troopers prior to the request for consent to search the vehicle were limited to relevant inquiries concerning the speeding violation and a single question as to whether there were any drugs, weapons or contraband in the vehicle. There is no evidence that defendant and the other two occupants of the vehicle were anything other than cooperative. Nor is there any evidence that defendant, who was 19 years old at the time, was of below average intelligence or otherwise unable to understand the nature and consequences of his consent. The only evidence that might suggest that defendant's consent was not voluntary was his testimony that he slept through most of the police encounter. The testimony of the other four witnesses who were involved in the encounter established, however, that defendant was awake shortly after the initial stop for speeding. We see no basis for disturbing the suppression court's finding that defendant voluntarily consented to the search.

Next, defendant claims that the statement made by him at the State Police barracks should have been suppressed because the Troopers denied his prior request to use the telephone to call his parents. Defendant testified that he asked three Troopers at the barracks for permission to use a telephone to call his parents and each Trooper told him that he would have to wait. Defendant was able to name two of the Troopers, but he did not know the name of the third Trooper. One of the identified Troopers testified that defendant did not ask to use the telephone and the other Trooper testified that he did not recall being asked by defendant. Defendant con-

ceded that he told the Troopers that he understood his rights before he made the incriminating statement. Supreme Court found that the statement was voluntary and we agree. This is not a case where the police purposely isolated a youthful suspect from his family or other supportive adults in order to secure an inculpatory statement *(compare, People v Forsha,* 151 AD2d 875, *lv denied* 74 NY2d 809 and *People v Ladone,* 149 AD2d 187, 217-218, *affd* 75 NY2d 638, *cert denied* — US —, 111 S Ct 77, *with People v Bevilacqua,* 45 NY2d 508). Having concluded that defendant's statement was properly found to be voluntary, we note that it contains an admission that defendant consented to the search of his vehicle.

Defendant also contends that his motion to dismiss, based upon the destruction of physical evidence seized from his vehicle, should have been granted. We are of the view, however, that by pleading guilty, defendant waived his right to raise this issue *(see, People v Taylor,* 65 NY2d 1, 5; *People v Bailey,* 156 AD2d 846, *lv denied* 75 NY2d 810).

Defendant's final contention, that the sentence of one year of imprisonment imposed upon his plea to a class C felony is harsh and excessive, lacks merit. It appears from the record that when defendant entered his guilty plea, he was aware of Supreme Court's intention to impose a one-year term of imprisonment. The judgment of conviction should be affirmed.

Mahoney, P. J., Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is affirmed.