OPINION OF THE COURT
S. Peter Feldstein, J.
An indictment having been filed charging the defendant with the crimes of criminal possession of a controlled substance in the first degree, a class A-l felony in violation of section 220.21 (1) of the Penal Law; criminad possession of a weapon in the third degree, a class D violent felony in violation of section 265.02 (4) of the Penal Law; unlawful possession of marihuana, a violation of section 221.05 of the Penal Law; and equipment violation, a traffic infraction under section 375 (2) (a) (4) of the Vehicle and Traffic Law, the defendant has moved to suppress physical evidence seized at the time of arrest, and further to suppress a statement made by him on August 13, 1991 to Investigator Steven Ortiz, on the ground that it was involuntarily made within the meaning of CPL 60.45.
The People assert, with respect to the seizure of physical evidence, that such seizure was the result of a lawful vehicle stop which gave rise to the "plain-view” observation of marihuana, and ultimately to the request for and granting of, by defendant, consent to search the vehicle. The People have the burden, in the first instance, of going forward to show the legality of police conduct, and with respect to those items— pistol and cocaine — seized as result of the defendant’s consent to search, the People must prove by clear and convincing evidence that the defendant’s consent to search was given freely and voluntarily. The statement of defendant would be admissible at trial only in the event its voluntariness is established by the People beyond a reasonable doubt.
A pretrial suppression hearing was conducted before me on October 21 and October 22, 1992. At that hearing, the People presented two witnesses, Trooper Alan J. Lane and Investigator Steven Ortiz, both of the New York State Police. Upon the conclusion of Investigator Ortiz’s testimony, an adjournment was requested in the hearing to permit the parties to review transcripts of testimony upon the preliminary hearing held in Justice Court, and to permit further testimony thereafter. However, both parties have subsequently communicated with this court indicating that they intend to present no further evidence, and are satisfied that this court rule on the basis of the evidence before it.
*793 I give full credence to the testimony of the People’s witnesses, Lane and Ortiz, and make the following findings of fact. During the nighttime hours on August 13, 1991, Trooper Lane observed a vehicle driven by defendant in the westbound lane of the New York State Thruway in the Town of Rotterdam to be driven with a missing license plate light. Upon pulling the vehicle over, Trooper Lane requested of the defendant, who was driving, his license and registration. Defendant produced his license but indicated he did not know who the owner of the vehicle was. After receiving equivocal and contradictory information from the passenger as to the ownership of the vehicle, Trooper Lane requested the defendant to step to the rear of the vehicle, and as he accompanied him, the Trooper shone his flashlight into the vehicle and, in the rear passenger’s compartment, observed what then appeared to him to be marihuana on the floor. Trooper Lane then retrieved the marihuana, inquired of defendant and his passenger if there was more in the car, to which both replied, in substance, "no, go ahead and look.” Trooper Lane did not proceed to do so, however, until he was able to secure standard New York State Police consent forms via another troop car which delivered them to the scene. Those forms, introduced upon the hearing, were given to defendant and his passenger, and defendant — who concededly spoke only broken English — was provided a Spanish version of the consent form which he appeared to read, and then signed. Upon conducting a search pursuant to those forms, Troopers uncovered the handgun and, in the trunk of the vehicle, the cocaine which are here at issue.
After seizure of the gun, defendant was placed under arrest, and following completion of the search was brought to the station house where he was questioned in Spanish by Investigator Ortiz. Investigator Ortiz prefaced his questioning with a recitation orally and in writing of the appropriate Miranda warnings, following which he interrogated the defendant, all in Spanish. Investigator Ortiz testified as to his proficiency in the Spanish language, as to which he is a native speaker, had high school training, and served for a number of years in the United States Army during which time he performed the duties of translator within the context of "Operation Refugee”, in dealing with Cuban refugees. As a consequence of the interrogation of the defendant by Investigator Ortiz, the statement here at issue was made by defendant.
I make the following conclusions of law. The initial stop *794 of defendant’s vehicle by Trooper Lane was proper, given the observation by him of the traffic violation with which defendant is here charged, and was not a "mere pretext” to investigate defendant on an unrelated matter. (People v Letts, 180 AD2d 931.) Following the lawful stop of defendant, Trooper Lane’s observation and subsequent seizure of the marihuana from the vehicle was permissible under both the "automobile” and the "plain view” exceptions to the warrant requirement. (People v Manganaro, 176 AD2d 354.) Thereafter, Trooper Lane’s request for consent to search was appropriate, and the consent of defendant was not violative of the principles enunciated by the Court of Appeals in People v Gonzalez (39 NY2d 122), under all of the circumstances then present. Accordingly, defendant’s motion to suppress the physical evidence seized from the vehicle is denied.
The statement made by defendant presents somewhat more complex a picture. It is clear that Investigator Ortiz properly "Mirandized” the defendant in Spanish, and that Ortiz was sufficiently trained not only to do so, but to interrogate and transcribe defendant’s statement. (People v Turcios-Umana, 153 AD2d 707; People v Restrepo-Velez, 156 AD2d 488.) However, the written document produced and signed by defendant was concededly not able to be read by him, either as to the printed English of the form or the handwritten (by Ortiz) transcription of defendant’s words. For the written statement, containing the signature of defendant following the English language Miranda warning, to be admitted in this proceeding would be prejudicial to defendant and impermissible: defendant gave a statement in Spanish which speaks for itself; he could not and did not comprehend or assent to the translation of that statement by Investigator Ortiz, and his signature on the written document here at issue implies an acknowledgement and acceptance of that written document which defendant could not have given.
The court finds that the oral statement of defendant was voluntarily made following the proper admonitions, and is admissible in Spanish, subject to translation in accordance with appropriate procedures. The written document here sought to be offered, however, constitutes no more than Trooper Ortiz’s translation of that oral statement, in effect his "notes of the case”, as to which defendant’s endorsement on its face is improper and highly prejudicial. Accordingly, defen *795 dant’s motion to suppress the statement made by him is granted as to the written statement only, but denied as to the oral statement and testimony at trial by Investigator Ortiz as to that statement, in Spanish.