■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v JOHN VASCO, Respondent-Appellant. [595 NYS2d 71] —Appeal by the People, as limited by their brief, from so much of an order of the County Court, Westchester County (Scarpino, J.), entered April 23, 1991, as upon granting reargument, adhered to the determination in a prior order dated January 22, 1991, granting those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials, and the defendant cross-appeals from so much of that order as failed to hold that the police officer who stopped the defendant's vehicle thereafter intruded upon the defendant's Fourth Amendment rights beyond the parameters of the traffic stop.

Ordered that the cross appeal is dismissed *(see,* CPL 450.10, 450.15); and it is further,

Ordered that the order is affirmed insofar as appealed from.

The People contend that the suppression court erred in granting those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials. The physical evidence, a package which allegedly contained cocaine, was recovered during a search of the defendant's vehicle by a police officer after the officer had stopped the defendant for allegedly driving in excess of the speed limit and for failure to wear a seat belt and had allegedly obtained the defendant's oral and written consent to conduct the search. Following a hearing, the court found that the defendant's ability to speak and understand English was severely limited and that the oral and written consent were not voluntary.

"When a search or seizure is based upon consent * * * the burden of proof rests heavily upon the People to establish the voluntariness of that waiver of a constitutional right" *(People v Whitehurst,* 25 NY2d 389, 391; *People v Gonzalez,* 39 NY2d 122, 128). We are satisfied that the evidence adduced at the hearing amply supported the court's determination. Moreover, we find no merit in the People's contention that because the police officer "reasonably relied upon the evident consent" of the defendant, the search was not constitutionally infirm *(see, People v Zimmerman,* 101 AD2d 294; *People v Bigelow,* 66 NY2d 417). Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.