■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. TITTENSOR, Appellant. [666 NYS2d 267] —Casey, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered May 14, 1996, upon a verdict convicting defendant of the crimes of driving while intoxicated and unlicensed operation of a motor vehicle in the first degree.

While assisting at an accident scene in the Town of Providence, Saratoga County, Deputy Sheriff Thomas Kennedy observed defendant's vehicle approach with only one headlight illuminated. As defendant drove closer, he shut off the one operating headlight and, because emergency vehicles were blocking the road, he stopped his car. After questioning defendant as to where he was going and why he turned off his headlight, Kennedy asked defendant to produce a driver's license, car registration and insurance card. Upon defendant's failure to provide these documents, Kennedy, who had detected the odor of alcohol, asked defendant to exit the vehicle. Field sobriety tests were then conducted followed by an alco-sensor test, after which defendant was arrested for driving while intoxicated. Defendant's motion to suppress a statement he made to Kennedy prior to his arrest, as well as the results of the field sobriety tests and a blood test taken at the hospital, was denied. After a jury trial, defendant was convicted of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree and sentenced to concurrent terms of imprisonment of 1⅓ to 4 years.

Defendant's main contention on appeal is that County Court erred in denying his suppression motion as the field sobriety tests and the blood test were illegally obtained. We disagree. The testimony at the *Huntley* hearing reveals that Kennedy's approach of defendant's vehicle and his initial inquiry were motivated by Kennedy's observation that the car had only one working headlight which defendant turned off as he drove closer to the accident scene. As this constituted a violation of Vehicle and Traffic Law § 375 (2) (a) (1), Kennedy was authorized to stop defendant's vehicle (*see, People v Schroeder*, 229 AD2d 917; *People v Lamanda*, 205 AD2d 934, 935, *lv denied* 84 NY2d 828). Defendant's failure to produce a driver's license provided a further basis for Kennedy to detain defendant (*see, People v Pena*, 209 AD2d 744, 745, *lv denied* 85 NY2d 941).

Prior to directing defendant to exit his car, Kennedy noticed defendant's glassy eyes, slurred speech and a strong odor of alcohol coming from the vehicle. These observations justified

Kennedy's inquiry, in the course of his noncustodial investigation, as to whether defendant had been drinking, to which defendant responded that he had consumed four rum and coke drinks (*see, People v Noonan*, 220 AD2d 811, 812-813). In these circumstances, we find Kennedy's subsequent direction that defendant step from the vehicle and perform the field sobriety tests to be proper in all respects (*see, id.*, at 813; *People v Pena, supra,* at 745; *People v Hanna*, 185 AD2d 482, *lv denied* 80 NY2d 930). Defendant's further inability to perform such tests gave Kennedy probable cause to arrest defendant for driving while intoxicated (*see, People v Mena-Coss*, 210 AD2d 745, 746, *lv denied* 86 NY2d 798), thereby providing the basis for Kennedy to request that defendant submit to a blood test (*see, People v Daniger*, 227 AD2d 846, 846-847, *lv denied* 88 NY2d 1020).

Defendant also contends that his statement regarding his consumption of four rum and coke drinks should have been suppressed because Kennedy's testimony as to when defendant made such statement was inconsistent and unconvincing. To the extent that it could be argued that there were discrepancies in Kennedy's testimony in this regard, a conclusion with which we do not agree, this merely presented a credibility issue for the suppression court, the resolution of which will not be disturbed on appeal unless clearly erroneous (*see, People v Parson*, 209 AD2d 882, 883, *lv denied* 84 NY2d 1014; *People v Auxilly*, 173 AD2d 627, 628, *lv denied* 78 NY2d 1125). Furthermore, we find that the record clearly supports County Court's determination that the statement was made before defendant exited the vehicle. Defendant's remaining contentions have been reviewed and found to be lacking in merit.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.