■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR PENA, Appellant. [669 NYS2d 425] —Peters, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered May 21, 1993, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree, criminal possession of a weapon in the third degree, unlawful possession of marihuana and attempted escape in the second degree.

Having previously reviewed all relevant facts concerning defendant's stop and arrest in the appeal of codefendant Discon Pena (*see, People v Pena,* 209 AD2d 744, *lv denied* 85 NY2d 941), we need only address those issues raised here concerning effective assistance of counsel. Defendant's *pro se* motion, after indictment, for the dismissal of his assigned counsel and the appointment of new counsel was granted by County Court. Thereafter, he immediately rejected his newly assigned counsel, again expressing his desire to proceed *pro se*. After a lengthy colloquy with the court, defendant permitted newly assigned counsel to conduct only the suppression hearing. County Court thereafter provided defendant with a third assigned counsel who represented him through part of jury selection. After additional colloquy with the court and despite its warnings, defendant reiterated his desire to proceed *pro se*. The court granted his application on the condition that the last discharged attorney act as standby counsel. Such counsel ultimately resumed full representation, at defendant's request, midway through the trial. After conviction and sentencing, defendant appeals, contending that he did not effectively waive his right to counsel.

It is axiomatic that a trial court, confronting a request to proceed *pro se*, is required to conduct a thorough and searching inquiry to determine whether the decision to waive counsel is knowingly and intelligently made (*see, People v Richard,* 232 AD2d 872, *lv denied* 89 NY2d 1099; *People v Ward,* 205 AD2d 876, *lv denied* 84 NY2d 873; *People v Benson,* 174 AD2d 898, *lv denied* 78 NY2d 1009). Here, it is undisputed that County Court conducted such an inquiry on the first two occasions that defendant expressed his desire to proceed *pro se*. It was the

court that assisted defendant in recognizing the serious dangers and risks presented by charting such course, eventually causing him to accept assigned counsel. Mindful that English was not defendant's native language,* we still conclude that he was not a naive participant in the criminal justice system. Having repeatedly voiced a desire to proceed *pro se* and having been repeatedly discouraged from so doing, he was nonetheless provided with three assigned counsel. Viewing the record in its entirety, we find that on each and every occasion defendant waived his right to counsel and elected to proceed *pro se* and that each waiver was knowingly and intelligently made (*see, People v Greany*, 185 AD2d 376, 378, *lv denied* 80 NY2d 1027).

With the challenge to the denial of his suppression motion having been addressed in connection with his codefendant's appeal (*see, People v Pena*, 209 AD2d 744, *supra*), and with the remaining contentions either unpreserved for our review (*see, People v Haas*, 229 AD2d 733, *lv denied* 88 NY2d 1021) or unpersuasive, we affirm County Court's judgment in its entirety.

Cardona, P. J., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.

---

* Although defendant indicated that he understood the English language, he often communicated through an interpreter because he was unable to speak fluently.