(October 28, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN BAILEY, Appellant. [697 NYS2d 715] —Crew III, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered March 14, 1997, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fifth degree, criminal possession of a controlled substance in the seventh degree (three counts) and resisting arrest (two counts).

Following his plea of guilty to three counts of criminal sale of a controlled substance in the third degree, two counts of crimi-

nal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fifth degree, three counts of criminal possession of a controlled substance in the seventh degree and two counts of resisting arrest, defendant was sentenced to an aggregate indeterminate term of imprisonment of 10 to 30 years. Defendant now appeals.

Initially, we reject defendant's contention that County Court erred in permitting him to proceed *pro se*. Our review of the record reveals that County Court conducted a thorough and searching inquiry, which revealed that defendant knowingly and intelligently waived his right to counsel (*see, People v Pena*, 247 AD2d 761, *lv denied* 92 NY2d 903). With regard to defendant's contention that his plea was not knowingly and voluntarily made, we need note only that defendant failed to move to vacate the judgment of conviction or withdraw his plea, and his claims therefore are not preserved for our review (*see, People v Epps*, 255 AD2d 840). Finally, we find no merit to defendant's assertion that the sentences imposed constituted cruel and unusual punishment. Such sentences were not only within the statutory parameters but, in fact, were less than those permitted.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.