■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON S. NELSON, Appellant. [698 NYS2d 797] —Yesawich Jr., J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered November 25, 1998, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

His motion to suppress evidence having been denied, defendant pleaded guilty to criminal possession of a controlled

substance in the third and fourth degrees. He was sentenced to concurrent terms of imprisonment of 4 to 12 years and now appeals.

As a consequence of his voluntary guilty plea, defendant not only forfeited his right to contest the underlying conviction (*see, People v Seaberg*, 74 NY2d 1, 8), but also to raise the non-jurisdictional objection that the indictment was defective because it allegedly charged a single offense in multiple counts (*see, People v Beattie*, 80 NY2d 840, 842; *People v Taylor*, 65 NY2d 1, 5). In any event, there is no merit to the substance of defendant's argument in this regard, for the indictment is not multiplicitous; it charges defendant in two separate counts with committing two separate offenses (*see, People v Demetsenare*, 243 AD2d 777, 778-779, *lv denied* 91 NY2d 833; *People v Kindlon*, 217 AD2d 793, 795, *lv denied* 86 NY2d 844). The first count required proof that defendant knowingly and unlawfully possessed a narcotic drug with intent to sell it (*see*, Penal Law § 220.16 [1]). Plainly, this is not the same crime as that alleged by the second count, which required proof that, among other things, defendant knowingly and unlawfully possessed one eighth of an ounce or more of a narcotic drug (*see*, Penal Law § 220.09 [1]).

Nor are we persuaded that County Court erred in denying defendant's motion to suppress. In lieu of a suppression hearing, the People and defendant stipulated to the following facts. On May 15, 1998 at 12:30 A.M., Columbia County Sheriff's Deputy Jan Near stopped defendant's vehicle because the rear license plate was not illuminated. While reviewing defendant's license and registration information, Near noticed a cigar box on the console between the driver's seat—where defendant was seated—and the empty passenger seat. Near asked defendant "what's the box for", whereupon defendant, without any additional prompting from Near, opened the box displaying its contents, which consisted of audio cassette tapes. As defendant was showing the box to Near, the latter saw* in plain view a plastic wrap containing crack cocaine, acknowledged by defendant at his plea allocution to weigh more than one eighth of an ounce. Defendant maintains these facts demonstrate that Near subjected him to an unconstitutional search and seizure. We disagree.

Having observed a traffic infraction—the unlighted rear

---

\* There is some confusion in the record as to how defendant displayed the box to Near. The parties initially agreed that defendant lifted it out of the console but just prior to County Court's decision on the suppression motion, defendant asserted that the box remained in the console.

license plate—Near was justified in stopping defendant's vehicle (*see, People v Pena*, 209 AD2d 744, 745, *lv denied* 85 NY2d 941). The propriety of Near's conduct following the stop "is to be measured by the reasonableness standard, which requires a weighing of the degree of intrusion against the precipitating and attending circumstances" (*People v Durgey*, 186 AD2d 899, 900, *lv denied* 81 NY2d 787). We are not convinced that Near's innocuous question—"what's the box for"—and the ensuing events worked an unreasonable intrusion. The question was not followed by a request to examine the contents of the box, nor did Near ask defendant to consent to a search of the vehicle (*compare, People v Hollman*, 79 NY2d 181, 186; *People v Bryant*, 245 AD2d 1010, 1011). Apparently, the crack cocaine became visible only because defendant voluntarily and spontaneously displayed the contents of the box. Hence, County Court cannot be faulted for refusing to suppress the physical evidence.

Defendant's remaining arguments have been considered and found to be meritless.

Cardona, P. J., Mikoll, Crew III and Mugglin, JJ., concur. Ordered that the judgment is affirmed.

