■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY LEE, Appellant. [709 NYS2d 454] —Cardona, P. J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered June 28, 1999, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, a prison inmate, was charged with promoting prison contraband in the first degree based upon the allegation that he possessed a folded can top measuring approximately three inches wide. Pursuant to a negotiated plea agreement, defendant pleaded guilty to the reduced charge of attempted promoting prison contraband in the first degree with the understanding that he would be sentenced as a second felony offender to a prison term of $1\frac{1}{2}$ to 3 years, to run consecutive to the sentence he was then serving. As part of the guilty plea, defendant waived his right to appeal except with regard to sentencing and constitutional issues. Sentenced in accordance with the plea agreement, defendant now appeals.

Initially, although defendant's waiver of the right to appeal does not preclude his challenges to the voluntary nature of his guilty plea or to the effectiveness of his counsel (*see, People v Seaberg*, 74 NY2d 1, 10; *People v Chapple*, 269 AD2d 621), defendant's failure to move to withdraw his guilty plea or to vacate the judgment of conviction renders these arguments unpreserved for our review (*see, People v Doty*, 267 AD2d 616, 616-617; *People v Bailey*, 265 AD2d 731, 732; *People v Soto*, 259 AD2d 904). Nevertheless, were we to review defendant's arguments, we would find them to be without merit. Notwithstanding defendant's contention to the contrary, our review of County Court's colloquy with defendant establishes that he understood the nature of the reduced charge to which he was pleading guilty and entered into the plea voluntarily (*see, People v Tenace*, 256 AD2d 928, 930-931, *lv denied* 93 NY2d 902). Moreover, defense counsel's failure to make certain pretrial motions did not amount to ineffective assistance of counsel in light of the advantageous plea bargain received by defendant and the lack of any additional conduct which would otherwise cast doubt on the adequacy of defense counsel's representation (*see, People v Smith*, 263 AD2d 676, 677, *lv denied* 93 NY2d 1027; *People v Mateo*, 252 AD2d 821, 822, *lv denied* 92 NY2d 927).

Mercure, Graffeo, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.