■ In the Matter of JOSEPH W. TOMPKINS, Petitioner, v GEORGE R. BARTLETT, III, as Judge of the County Court of Schoharie County, et al., Respondents. [897 NYS2d 918]— Kavanagh, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent County Judge of Schoharie County suspending petitioner's driver's license.

Petitioner was arrested after being involved in a traffic accident and was subsequently charged by indictment with two counts of driving while intoxicated (see Vehicle and Traffic Law § 1192 [2], [3]). Following a Pringle hearing (see Pringle v Wolfe, 88 NY2d 426 [1996], cert denied 519 US 1009 [1996]), respondent County Judge of Schoharie County suspended petitioner's driver's license pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7).[1] Thereafter, petitioner commenced this CPLR article 78 proceeding claiming that a prompt suspension order of his driver's license should not have been issued because the two counts as pleaded in the indictment were duplicitous and, therefore, the indictment was defective.

In postargument submissions, the parties advise this Court that petitioner entered a plea of guilty in satisfaction of the charges and his license was restored by County Court. As a result of this plea, the petition must be dismissed as petitioner has received the relief he sought and none of the issues raised by this proceeding warrants a finding that the exception to the

---

1. Vehicle and Traffic Law § 1193 (2) (e) (7) provides that a court shall promptly suspend the driver's license, pending prosecution, of any person charged with violating Vehicle and Traffic Law § 1192 (2), (2-a), (3) or (4-a) who, at the time of arrest, is alleged to have had a blood alcohol level of .08% or higher as shown by chemical analysis.

mootness doctrine exists (*see Matter of Schermerhorn v Becker*, 64 AD3d 843, 845 [2009]).[2]

The People agree that this petition is moot but claim that it raises an issue that qualifies as the exception to the mootness doctrine. However, this issue—whether it was appropriate to conduct a suspension hearing following his indictment—was never raised by petitioner as a basis for challenging the suspension of his driver's license. As such, this issue is not properly before this Court and the petition, on the facts presented, must be dismissed as moot.

Spain, J.P., Rose, Stein and Egan Jr., JJ., concur. Adjudged that the petition is dismissed, as moot, without costs.

**2.** We note that by pleading guilty, petitioner has "waived any challenge to [the indictment] as being duplicitous" (*People v Vega*, 268 AD2d 686, 687 [2000] [citations omitted], *lv denied* 95 NY2d 839 [2000]; *see People v Nelson*, 266 AD2d 730, 731 [1999], *lv denied* 94 NY2d 865 [1999]; *see also People v Trank*, 58 AD3d 1076, 1077 [2009], *lv denied* 12 NY3d 860 [2009]; *People v Thomas*, 2 AD3d 982, 983 [2003], *lv denied* 1 NY3d 602 [2004]).